**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KAREN FIGUEROA,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-333-Orl-22DAB**

**CARDIAC SURGICAL ASSOCIATES,**
**LLP,**

        **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT (Doc. No. 18)**
>
> **FILED:      September 6, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated

judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354.  In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the Plaintiff's responses to the Court's Interrogatories (Doc. 13), Plaintiff alleged that between approximately March 2008 and June 2010, Plaintiff regularly worked between approximately five and six days per week with start times that varied, ranging from as early as approximately 7:30 a.m. with stop times as late as approximately 7:00 p.m. on weekdays, and sometimes working weekends, averaging approximately fifty-seven hours per week; and she was not paid additional compensation at time and one-half of her applicable regular pay for the hours she worked in excess of forty hours per week.

Defendant's Answer states that Defendant paid Plaintiff average gross wages of approximately $807.00/week without overtime because Defendant classified Plaintiff as "exempt" from overtime. Doc. 6.  Defendant asserted that Plaintiff was exempt from overtime employed in a bona fide executive and/or administrative capacity as Office Manager and Administrative Assistant such that Defendant was not required to pay Plaintiff overtime compensation even if she had worked in excess

of forty hours per week in any weeks within the FLSA's statute of limitations period between March 2009 and June 2010. Defendant's Counsel subsequently notified Plaintiff's Counsel that not only did Defendant believe only a half-time damage calculation could apply even if Plaintiff were to ultimately prove she was an overtime-eligible employee, but the actual hours worked each week by Plaintiff was a maximum of forty-five hours per week. Doc. 18.

Plaintiff sought $13,239.60 based on an average of 17 hours per week of overtime, plus an equal amount in liquidated damages for approximately 110 weeks between March 2008 and June 2010 at a half time rate of $7.08/hour. Doc. No. 13. At the reduced overtime hours in a shorter period that Defendant argued (March 2009 to June 2010), Plaintiff would have recovered a maximum of $5,382 (including liquidated damages). Doc. 18. The settlement to Plaintiff of $6,000 in unpaid wages and liquidated damages represents approximately half of the principal amount Plaintiff sought.

The parties have agreed that Defendant will pay Plaintiff's attorneys $6,090 in attorney's fees and $910 in costs. Plaintiff's counsel litigated the case on behalf of Plaintiff from February to September 2011, with Mr. Stern accruing 22.70 hours and his paralegals accruing 3.80 hours. Mr. Stern's calculated his hourly rate in this case at $275 and his paralegals rates at $75-$110, for a total amount incurred by the firm of $6,527.50. Doc. 18, 20-1 (time sheets). Mr. Stern has previously been awarded an hourly rate of $275.00 in FLSA cases. *See* Doc. 18 at 7 n. 1 (citing cases). Defendant has also agreed to pay the costs Plaintiff incurred in the litigation for filing fee, service of process (total $440.00), research, postage, delivery fees[1] (totaling $470). Doc. 20-1. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

---

[1] The Court recognizes that these costs would generally not be recoverable under 28 U.S.C. § 1920; however, these are actual costs of the litigation and compensation to counsel for such costs does not appear to have compromised Plaintiff's wage recovery unfairly.

Settlement in the amount of **$6,000** to Plaintiff for unpaid wages and liquidated damages, and **$6,090** for attorney's fees and **$910** in costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 23, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy